IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO P.D.J., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-03382-MWJS <br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART <br><br> A# 099-621-908 |

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART</u>**

Petitioner Luis Alberto P.D.J.[1] is an immigration detainee proceeding with a

petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1,

and an application for temporary restraining order (the "TRO application"), Dkt. No. 2.

For over twenty years, Petitioner has lived in the United States, having first

entered without inspection in 1998. Dkt. No. 1, at pg. 3. Since then, he has become the

father to two U.S.-citizen children, born in Utah, and given his ties to the community

there, contends he is not a flight risk. *Id*. Apart from a 2009 misdemeanor conviction

for failure to remain at an accident scene, he has no criminal history. Dkt. No. 8, at pg.

---

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

2.  In March 2026, he was stopped for a traffic violation and arrested.  Although he was told he would be released that day, he was instead taken into custody by immigration officers and transferred from Utah to an ICE detention center in California.  Dkt. No. 1, at pg. 3.  Although he has not been found to be a danger to the community or a flight risk at a bond hearing—he has, in fact, not been afforded a bond hearing at all—he has been held in immigration detention ever since his arrest.  *Id.*

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).  *Id.* at pg. 5. Petitioner seeks an order "directing Respondents to justify [his] continued detention," granting either his immediate release or, in the alternative, granting "an individualized bond hearing within [seven] days."  *Id*. at pg. 5.

This court and many others have granted relief in cases analogous to this one. *See, e.g.*, *Dector A.B.C. v. Warden, Cal. City Corr. Ctr*, No. 1:26-CV-03297-MWJS, 2026 WL 1272460 (E.D. Cal. May 8, 2026); *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case,

2

therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 4.  The court appreciates Respondents' timely and candid response.  Dkt. No. 8.  Although Respondents maintain that Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2), they acknowledge that there do "not appear to be any substantive factual or legal issues in this case that materially distinguish it from the cases identified in the [court's] [o]rder."  *Id.* at pgs. 1-2.  Respondents do not oppose the court ruling directly on the petition, they do not request a hearing, and they do not intend to file any additional affirmative briefing.  *Id.*

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends in his first claim for relief that he is entitled by statute to a bond hearing.  Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  Respondents shall file a status report within ten days of the date of this order, confirming whether a bond

hearing has been held and, if so, the outcome of that hearing.  Given the foregoing,

Petitioner's TRO application, Dkt. No. 2, is DENIED AS MOOT.

The Clerk of Court is directed to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  May 12, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
———————————————
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03382-MWJS; *Luis Alberto P.D.J., v. Warden, California City Correctional Center, et al.*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART